Marcus J. Bradley, Esq. (SBN 174156)
Kiley L. Grombacher, Esq. (SBN 245960)
Lirit A. King, Esq. (252521)
**BRADLEY/GROMBACHER, LLP**
31365 Oak Crest Drive, Suite 240
Westlake Village, California 91361
Telephone: (805) 270-7100
Facsimile: (805) 270-7589

Attorneys for NANG CHAN, on behalf of himself, all others
similarly situated, and on behalf of the general public.

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| NANG CHAN, on behalf of himself, all others similarly situated, and on behalf of the general public,<br><br>Plaintiff,<br><br>v.<br><br>ULTA INC., a Delaware corporation<br><br>Defendants. | Case No.<br><br>**CLASS ACTION COMPLAINT FOR:**<br><br>1) Failure to Pay All Straight Time Wages;<br>2) Failure to Pay All Overtime Wages;<br>3) Failure to Provide Meal Periods (Lab. Code §§ 226.7, 512, IWC Wage Order No. 7-2001(11); Cal. Code Regs., tit. 8 § 11090);<br>4) Failure to Authorize and Permit Rest Periods (Lab. Code § 226.7; IWC Wage Order No. 7-2001(12); Cal. Code Regs. Title 8 § 11090);<br>5) Failure to Pay All Wages Due at the Time of Termination of Employment (Lab. Code §§201-203); and<br>6) Violation of Unfair Competition Law (Bus. & Prof. Code § 17200, et seq.)<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff NANG CHAN ("Plaintiff") on behalf of himself, all others similarly situated, and on behalf of the general public, by and through his undersigned attorneys, hereby brings this Class Action Complaint against Defendant ULTA INC. ("Defendant" or "Ulta") and alleges as follows:

## I.        NATURE OF THE CASE

1.      This is a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure brought by Plaintiff Nang Chan against Defendant Ulta on behalf of individuals who have worked for Ulta in its warehouse/distribution facilities within the State of California. Within four years preceding the filing of this Complaint ("Relevant Time Period"), Ulta has engaged in a common scheme of routinely requiring and/or suffering and permitting its warehouse workers to work off the clock without compensation; failing to provide them with meal periods in compliance with the applicable Wage Order; failing to authorize and permit them rest periods in compliance with the applicable Wage Order; and failing to pay them all wages owed upon termination of employment.

2.      Defendant employs hundreds of warehouse workers at its distribution facility in California to handle shipping, receiving, stocking, and fulfilling orders of the products Ulta carries and sells. Defendant's warehouse facility includes over 300,000 square feet of facility space and thousands of products that are entering and leaving on a daily basis.

3.      Plaintiff worked for Defendant as a Material Handler at its warehouse and distribution center in Fresno, California. His job duties included picking and packing orders; sorting and counting boxes of merchandise; and building pallets of cartons for shipment.

4.      As a matter of policy and practice, Defendant required Plaintiff and its other warehouse workers like him, to wait in line and undergo security screening when entering and exiting its warehouse facility. These required security

5.     inspections involve waiting in line, inspection of pockets and bags, and occur before Defendant's warehouse workers clock-in for their work shifts and after they clock out for their meal break. Although Defendant's warehouse workers are under Defendant's control while waiting in line for and undergoing these security inspections, such time is, as a matter of policy and practice, not compensated by Defendant.

6.     Plaintiff, on behalf of himself and Defendant's other non-exempt, hourly warehouse workers in California, brings this action pursuant to California Labor Code sections 201, 203, 204, 210, 218, 218.5, 223, 224, 226.7. 510, 512, 515, 558, 1194, 1197, and California Code of Regulations, Title 8, section 11090, seeking unpaid wages, overtime, meal and rest period compensation, interest, penalties, and reasonable attorneys' fees and costs.

7.     Plaintiff, on behalf of himself and Defendant's other non-exempt, hourly warehouse workers in California, pursuant to California Business and Professions Code sections 17200-17208, also seeks restitution, and disgorgement of all benefits Defendant enjoyed from its failure to pay all straight time wages, overtime wages, and meal and rest period compensation.

## II.     JURISDICTION AND VENUE

8.     The Court has jurisdiction pursuant to the Class Action Fairness Act, 28 U.S.C. Section 1332(d)(2)(A) (CAFA), because this case is a class action, there are more than 100 members of the putative class, and the aggregated claims of the individual class members exceed the sum value of $5,000,000, exclusive of interests and costs.

9.     Venue is proper in this judicial district, pursuant to under 28 U.S.C. §1391 because Defendant employs class members and transacts business in this Judicial District.

/ / /

CLASS ACTION COMPLAINT

### III.    PARTIES

**A.    Plaintiff.**

10.    Plaintiff Nang Chan is an individual over the age of eighteen and at all times relevant to this action has been a resident of Fresno, California. Plaintiff was employed by Ulta at its warehouse facility/distribution center in Fresno, California as an hourly-paid non-exempt employee from approximately March 19, 2018, through July 2, 2020, with the title of, "Material Handler." Mr. Chan regularly worked four days per week and more than 10 hours per day for Defendant.

11.    The members of the proposed class, as defined below, are also all individuals who are or have been employed by Defendant as hourly non-exempt employees at its warehouse facilities in California within the four years preceding the filing of this Complaint.

**B.    Defendant.**

12.    Plaintiff is informed and believes Defendant Ulta Inc. is a Delaware Corporation with its headquarters and principal place of business Bolingbrook, Illinois and is registered to do business in California.

13.    At all relevant times herein, Defendant has engaged in the ownership and operation of warehouse facilities and distribution centers, which are used to provide cosmetics and beauty products to Defendant's customers in the State of California and elsewhere.

### IV.    FACTUAL ALLEGATIONS

14.    Defendant employs hundreds of warehouse workers at its distribution facilities to handle shipping, receiving, stocking, and fulfilling orders of the products Ulta carries and sells. Defendant's warehouse facilities include over 300,000 square feet of facility space and thousands of products that are entering and leaving on a daily basis.

15.    Plaintiff worked for Defendant as a Material Handler at its warehouse and

CLASS ACTION COMPLAINT

distribution center in Fresno, California. His job duties included picking and packing orders; sorting and counting boxes of merchandise; and building pallets cartons for shipment.

16.    At all times mentioned herein, the common policies and practices of Defendant were a direct cause of Defendant's failure to comply with the California Labor Code, Wage Orders, and/or California's wage and hours laws, as set forth more fully within.

**A.    Defendant's Failure to Pay for all Hours Worked**

17.    For at least four (4) years prior to the filing of this Complaint, Defendant has had a continuous and widespread policy of not paying Plaintiff and those similarly situated for all hours they worked, including before clocking in for their work shift and after clocking out during unpaid meal periods.

18.    Specifically, at all times relevant to this action, Defendant has had a continuous and consistent policy of mandating workers to wait in lines to get through security before they are clocked in for the day. For example, throughout the statutory period, in every workweek during the relevant statute of limitations—which, on information and belief, includes the workweeks of January 27 – February 2, 2019; February 3-9, 2019; February 10-16, 2019; February 17-23, 2019; February 24 – March 2, 2019; March 3-9, 2019; March 10-16, 2019; March 17-23, 2019; March 24-30, 2019; March 31 – April 6, 2019; April 7-13, 2019; April 14-20, 2019; April 21-27, 2019; April 28 – May 4, 2019; May 5-11, 2019; May 12-18, 2019; May 19-25, 2019; May 26 – June 1, 2019; June 2-8, 2019; June 9-15, 2019; June 16-22, 2019; June 23-29, 2019; July 7-13, 2019; July 14-20, 2019; July 21-27, 2019; July 28 – August 3, 2019; August 4-10, 2019; August 11-17, 2019; August 18-24, 2019; August 25-31, 2019; September 1-7, 2019; September 8-14, 2019; September 15-21, 2019; September 22-28, 2019; September 29 – October 5, 2019; October 6-12, 2019; October 13-19, 2019; October 20-26, 2019; October 27 –

November 2, 2019; November 3-9, 2019; November 10-16, 2019; November 17-23, 2019; December 1-7, 2019; December 8-14, 2019; December 9-21, 2019; January 5-11, 2020; January 12-18, 2020; January 19-25, 2020; January 26 – February 1, 2020; February 2-8, 2020; February 9-15, 2020; February 16-22, 2020; February 23-29, 2020; March 1-7, 2020; March 8-14, 2020; March 15-21, 2020; March 22-28, 2020; March 29 – April 4, 2020; April 5-11, 2020; April 12-18, 2020; April 19-25, 2020; April 26 – May 2, 2020; May 3-9, 2020; May 10-16, 2020; May 17-23, 2020; May 24-30, 2020; May 31 – June 6, 2020; June 7-13, 2020; June 14-20, 2020; and June 21-27, 2020—it took Mr. Chan approximately five minutes to undergo the security procedures mandated by Defendant at the entrance of the facility when arriving to start his shift before clocking in.

19.   Pursuant to Defendant's uniform policies—as explained to Mr. Chan during his training with his supervisors, Laura Valequez, Adrian Olivares, and Alma (last name unknown), while working for Ulta — Mr. Chan and Defendant's other non-exempt, hourly warehouse workers were not permitted to skip the security line and or security check procedures where all the non-exempt, hourly workers had to wait to enter and exit the facility. Pursuant to Ulta's uniform policies and procedures, Mr. Chan and Defendant's other non-exempt, hourly warehouse workers were instructed to clock in for work only after waiting in line and going through the security inspections.

20.   Additionally, Defendant's non-exempt, hourly warehouse workers are not free of control and duty for the entire time they are clocked out for meal breaks. As a matter of policy and practice Defendant requires workers exiting the facility to wait in line and go through security after clocking out and to wait in line go through security upon their return prior to clocking back in. Thus, part of the time Defendant's non-exempt, hourly warehouse workers are clocked out for their meal periods is time they are under the compensable control of Defendant.

CLASS ACTION COMPLAINT

21.    As a result of Defendant's uniform security check policy, Plaintiff and Defendant's other non-exempt, hourly warehouse workers were systematically denied straight-time wages for all time worked, as well as required overtime pay. For example, Plaintiff Chan was regularly scheduled to work and often worked 10.5 hours per day, 4 days per week. Plaintiff Chan was required to wait in security check lines for approximately 5 minutes at the beginning of every shift. As a result, each week that Mr. Chan worked for Defendant, he worked off the clock *at least* 20 minutes per week. Because those weekly twenty minutes or more of time spent in security checks were all in excess of ten hours in a day and forty hours in a week, Mr. Chan was denied at least twenty minutes of overtime pay each week identified in paragraph 17 above.

22.    As a result, Mr. Chan and Defendant's other non-exempt, hourly warehouse workers never received the wages for the time they had to spend going through Ulta's mandatory security procedures. This waiting and inspection time was not counted as compensable time worked even though Mr. Chan and the non-exempt, hourly workers remain subject to the control of their employer, thereby denying them of compensation at their regular rates of pay for all hours worked, as well as required overtime pay.

**B.    Defendant's Failure to Provide Meal Periods**

23.    For at least four (4) years prior to the filing of this Complaint, Defendant has had a consistent policy of requiring non-exempt, hourly workers within the State of California, including Plaintiff, to work through meal periods and work at least five (5) hours without a meal period and failing to pay such employees one (1) hour of pay at the employees' regular rate of compensation for each workday that the meal period is not provided and automatically deducting a half hour of pay from their wages.

24.    Mr. Chan was a full-time employee for Defendant and regularly worked

1    approximately four days per week and more than ten hours in a day. As Mr. Chan
2    regularly worked more than five hours in a day, Mr. Chan was regularly entitled to
3    a meal period during his shift. Yet, Defendant failed to provide Mr. Chan with a
4    duty-free, thirty-minute meal period as described below.

5        25.      Specifically, Defendant's non-exempt, hourly warehouse workers, like
6    Mr. Chan, do not get an entire 30-minutes for meal periods during which they are
7    free of employer control and duties, because part of their time after clocking out
8    must be spent waiting in line to get through security and undergoing security
9    inspections when exiting the facility and waiting in line to get through security and
10   undergoing security inspections when returning to the facility before they are able
11   to clock back in. Thus, pursuant to Defendant's uniformly applicable policies of
12   only providing 30-minute meal periods, workers do not receive or are not provided
13   with full and complete 30-minute meal periods wherein they are free from employer
14   mandated controls and duties.

15       26.      Accordingly, throughout the statutory period, in every workweek during
16   the relevant statute of limitations—which, on information and belief, includes the
17   workweeks of January 27 – February 2, 2019; February 3-9, 2019; February 10-16,
18   2019; February 17-23, 2019; February 24 – March 2, 2019; March 3-9, 2019; March
19   10-16, 2019; March 17-23, 2019; March 24-30, 2019; March 31 – April 6, 2019;
20   April 7-13, 2019; April 14-20, 2019; April 21-27, 2019; April 28 – May 4, 2019;
21   May 5-11, 2019; May 12-18, 2019; May 19-25, 2019; May 26 – June 1, 2019; June
22   2-8, 2019; June 9-15, 2019; June 16-22, 2019; June 23-29, 2019; July 7-13, 2019;
23   July 14-20, 2019; July 21-27, 2019; July 28 – August 3, 2019; August 4-10, 2019;
24   August 11-17, 2019; August 18-24, 2019; August 25-31, 2019; September 1-7,
25   2019; September 8-14, 2019; September 15-21, 2019; September 22-28, 2019;
26   September 29 – October 5, 2019; October 6-12, 2019; October 13-19, 2019;
27   October 20-26, 2019; October 27 – November 2, 2019; November 3-9, 2019;
28

CLASS ACTION COMPLAINT

November 10-16, 2019; November 17-23, 2019; December 1-7, 2019; December 8-14, 2019; December 9-21, 2019; January 5-11, 2020; January 12-18, 2020; January 19-25, 2020; January 26 – February 1, 2020; February 2-8, 2020; February 9-15, 2020; February 16-22, 2020; February 23-29, 2020; March 1-7, 2020; March 8-14, 2020; March 15-21, 2020; March 22-28, 2020; March 29 – April 4, 2020; April 5-11, 2020; April 12-18, 2020; April 19-25, 2020; April 26 – May 2, 2020; May 3-9, 2020; May 10-16, 2020; May 17-23, 2020; May 24-30, 2020; May 31 – June 6, 2020; June 7-13, 2020; June 14-20, 2020; and June 21-27, 2020— Defendant did not provide Mr. Chan and its other non-exempt, hourly warehouse workers with duty-free meal periods of at least thirty minutes in length.

27.    Pursuant to Defendant's uniform policy—as explained to Mr. Chan during Defendants' training with his supervisors, Laura Valequez, Adrian Olivares, and Alma (last name unknown) — Mr. Chan and Defendant's other non-exempt, hourly warehouse workers were only permitted to take thirty minutes for a meal period starting from when they left their workstations and ending when they returned to their workstations and, if they wanted to leave the facility, were not permitted to skip the security line and procedures to enter and exit the facility during meal periods.

28.    Thus, if Mr. Chan or Defendant's other non-exempt, hourly warehouse workers wanted to take the full 30 minutes to enjoy their lunch, they would be forced stayed inside the facility. If Mr. Chan or Defendant's other non-exempt, hourly warehouse workers wanted to avail themselves of being free to enjoy their lunch outside of Defendant's premises, they could only do so if they sacrificed part of their time to be subject to Defendant's security protocols to exit the facility after clocking out and to reenter the facility before clocking back in. As a result, Mr. Chan and Defendant's non-exempt, hourly warehouse workers uniformly and routinely did not receive full thirty-minute meal periods in which they were free to

CLASS ACTION COMPLAINT

1  leave the premises and spend entirely outside of Defendant's control.

2      29.    Additionally, and for at least four (4) years prior to the filing of this

3  Complaint, Defendant has had a consistent policy of requiring its non-exempt,

4  hourly warehouse workers within the State of California, including Plaintiff, to

5  work over ten (10) hours without providing an additional, uninterrupted meal period

6  of thirty (30) minutes and failing to pay such employees one (1) hour of pay at the

7  employees' regular rate of compensation for each workday that the second meal

8  period is not provided.

9  30.    As noted above, Mr. Chan was a full-time employee for Defendant and

10  regularly worked approximately four days per week and more than ten hours in a

11  day. He was therefore entitled to a second meal break of not less than thirty (30)

12  minutes. Yet, as a matter of policy and practice, Defendant did not provide Plaintiff

13  or those similarly situated with a second meal period before the end of the tenth hour

14  or work, or compensation in lieu thereof.

15  **C.    Defendant's Failure to Authorize and Permit or Pay for Rest Periods**

16      31.    For at least four (4) years prior to the filing of this Complaint,

17  Defendant has had a consistent policy and/or practice of requiring its non-exempt,

18  hourly workers within the State of California, including Plaintiff, to work for over

19  four hours, or a major fraction thereof, without a 10 minute rest period, and failing

20  to pay such employees one (1) hour of pay at the employees' regular rate of

21  compensation for each workday that the rest period is not provide, or other

22  compensation, as required by California's state wage and hour laws.

23      32.    Specifically, Defendant's business model was such that its non-

24  exempt, hourly warehouse workers were assigned too much work with insufficient

25  help due to chronic understaffing whereby they were unable to take rest periods and

26  were forced to work through their rest periods.

27      33.    Additionally, as discussed above, Defendant maintained security

28

1  policies and practices, whereby Plaintiff and its other non-exempt, hourly
2  warehouse workers were not provided control-free, off-premises rest periods and/or
3  were incentivized to forego control-free, off-premises rest periods.

4      34.      Throughout the statutory period, in every workweek during the
5  relevant statute of limitations—which, on information and belief, includes the
6  workweeks of January 27 – February 2, 2019; February 3-9, 2019; February 10-16,
7  2019; February 17-23, 2019; February 24 – March 2, 2019; March 3-9, 2019; March
8  10-16, 2019; March 17-23, 2019; March 24-30, 2019; March 31 – April 6, 2019;
9  April 7-13, 2019; April 14-20, 2019; April 21-27, 2019; April 28 – May 4, 2019;
10  May 5-11, 2019; May 12-18, 2019; May 19-25, 2019; May 26 – June 1, 2019; June
11  2-8, 2019; June 9-15, 2019; June 16-22, 2019; June 23-29, 2019; July 7-13, 2019;
12  July 14-20, 2019; July 21-27, 2019; July 28 – August 3, 2019; August 4-10, 2019;
13  August 11-17, 2019; August 18-24, 2019; August 25-31, 2019; September 1-7,
14  2019; September 8-14, 2019; September 15-21, 2019; September 22-28, 2019;
15  September 29 – October 5, 2019; October 6-12, 2019; October 13-19, 2019;
16  October 20-26, 2019; October 27 – November 2, 2019; November 3-9, 2019;
17  November 10-16, 2019; November 17-23, 2019; December 1-7, 2019; December
18  8-14, 2019; December 9-21, 2019; January 5-11, 2020; January 12-18, 2020;
19  January 19-25, 2020; January 26 – February 1, 2020; February 2-8, 2020; February
20  9-15, 2020; February 16-22, 2020; February 23-29, 2020; March 1-7, 2020; March
21  8-14, 2020; March 15-21, 2020; March 22-28, 2020; March 29 – April 4, 2020;
22  April 5-11, 2020; April 12-18, 2020; April 19-25, 2020; April 26 – May 2, 2020;
23  May 3-9, 2020; May 10-16, 2020; May 17-23, 2020; May 24-30, 2020; May 31 –
24  June 6, 2020; June 7-13, 2020; June 14-20, 2020; and June 21-27, 2020—
25  Defendant did not provide Mr. Chan and its other non-exempt, hourly warehouse
26  workers with duty-free net ten minute paid rest periods for every four hours worked,
27  or a major fraction thereof.
28

CLASS ACTION COMPLAINT

35.     Pursuant to Defendant's uniform policy—as explained to Mr. Chan during Defendants' training with his supervisors, Laura Valequez, Adrian Olivares, and Alma (last name unknown) — Mr. Chan and Defendant's other non-exempt, hourly warehouse workers were only permitted to take ten minutes for a rest period starting from when they left their workstations and ending when they returned to their workstations and, if they wanted to leave the facility, were not permitted to skip the security line and procedures to enter and exit the facility during rest periods.

36.     Thus, if Mr. Chan or Defendant's other non-exempt, hourly warehouse workers wanted to take the full 10 minutes to rest, they would be forced stayed inside the facility. If Mr. Chan or Defendant's other non-exempt, hourly warehouse workers wanted to avail themselves of being free to enjoy their rest period outside of Defendant's premises, they could only do so if they sacrificed part of their time to be subject to Defendant's security protocols to exit the facility and to reenter the facility. This did not leave Mr. Chan or Defendant's other non-exempt, hourly warehouse workers with any time to go to their cars, run errands, or conduct any personal business during their rest periods. As a result, Mr. Chan and Defendant's non-exempt, hourly warehouse workers uniformly and routinely did not receive full ten-minute rest periods in which they were free to leave the premises and spend entirely outside of Defendant's control.

**D.     Defendants' Failure to Pay All Wages Due Upon Termination of Employment**

37.     For at least four (4) years prior to the filing of this Complaint, Defendant and/or its officers and/or managing agents have had a consistent policy and/or practice of willfully failing to timely pay wages owed to Plaintiff and those non-exempt, hourly warehouse workers who left Defendant's employ or whose employment was terminated.

38.     For example, Mr. Chan's employment with Defendant ended on

approximately July 2, 2020. Throughout the statutory period, in every workweek during the relevant statute of limitations—which, on information and belief, includes the workweeks of January 27 – February 2, 2019; February 3-9, 2019; February 10-16, 2019; February 17-23, 2019; February 24 – March 2, 2019; March 3-9, 2019; March 10-16, 2019; March 17-23, 2019; March 24-30, 2019; March 31 – April 6, 2019; April 7-13, 2019; April 14-20, 2019; April 21-27, 2019; April 28 – May 4, 2019; May 5-11, 2019; May 12-18, 2019; May 19-25, 2019; May 26 – June 1, 2019; June 2-8, 2019; June 9-15, 2019; June 16-22, 2019; June 23-29, 2019; July 7-13, 2019; July 14-20, 2019; July 21-27, 2019; July 28 – August 3, 2019; August 4-10, 2019; August 11-17, 2019; August 18-24, 2019; August 25-31, 2019; September 1-7, 2019; September 8-14, 2019; September 15-21, 2019; September 22-28, 2019; September 29 – October 5, 2019; October 6-12, 2019; October 13-19, 2019; October 20-26, 2019; October 27 – November 2, 2019; November 3-9, 2019; November 10-16, 2019; November 17-23, 2019; December 1-7, 2019; December 8-14, 2019; December 9-21, 2019; January 5-11, 2020; January 12-18, 2020; January 19-25, 2020; January 26 – February 1, 2020; February 2-8, 2020; February 9-15, 2020; February 16-22, 2020; February 23-29, 2020; March 1-7, 2020; March 8-14, 2020; March 15-21, 2020; March 22-28, 2020; March 29 – April 4, 2020; April 5-11, 2020; April 12-18, 2020; April 19-25, 2020; April 26 – May 2, 2020; May 3-9, 2020; May 10-16, 2020; May 17-23, 2020; May 24-30, 2020; May 31 – June 6, 2020; June 7-13, 2020; June 14-20, 2020; and June 21-27, 2020—Defendant failed to pay Plaintiff all regular and overtime wages and meal and rest period compensation owed and did not pay these amounts to Plaintiff at the time of termination of his employment.

39.     Similarly, numerous other non-exempt, hourly warehouse workers were either fired or quit Defendant's employ withing four years preceding the filing of this Complaint. Yet Defendant, as a matter of policy and practice, did not timely

CLASS ACTION COMPLAINT

pay them all straight time, overtime and premium wages owed at the time of their termination.

40.    Defendant's failure to pay these wages to Plaintiff and the other non-exempt, hourly warehouse workers who have left Defendant's employ, was willful in that Defendant knew the wages to be due but failed and refused to pay them.

**E.    Defendant's Unlawful and Unfair Business Acts and Practices**

41.    For at least four (4) years prior to the filing of this Complaint and through to the present, Defendant, by failing to lawfully pay Plaintiff and those similarly situated all the wages they are owed, engaged in false, unfair, fraudulent and deceptive business practices within the meaning of the Business and Professions Code section 17200, *et seq.*

42.    Defendant's unlawful, unfair, and/or fraudulent conduct has also enabled Defendant to gain an unfair competitive advantage over law-abiding employers and competitors.

**F.    Facts Regarding Willfulness**

43.    For at least four (4) years prior to the filing of this Complaint, Defendant's non-exempt, hourly warehouse workers, including Plaintiff, were not provided all straight time and overtime wages owed, meal periods and rest periods, or compensation in lieu thereof, and all wages owed to them at the time of termination of employment as mandated under the California Labor Code, and the implementing rules and regulations of the Industrial Welfare Commissions ("IWC") California Wage Orders.

44.    Defendant is and was aware that its non-exempt, hourly warehouse workers, including Plaintiff, were entitled to but were not paid all straight time and overtime wages owed, provided meal and rest periods and all wages owed to them at the time of termination of employment.  Defendant's denial of wages and other compensation due to Plaintiff and members of the proposed class was willful and

1  deliberate.

2  ## V.    CLASS ACTION ALLEGATIONS

3  45.    Plaintiff brings this action on behalf of himself and all others similarly

4  situated as a class action pursuant to Federal Rule of Civil Procedure 23(a), (b)(2)

5  and/or (b)(3). Plaintiff seeks to represent a Class composed of and defined as

6  follows:

7  > All non-exempt, hourly workers who were employed by

8  > Defendant in Defendant's warehouse/distribution

9  > facilities within the State of California within four years

10  > prior to the filing of this Complaint. ("Class Members").

11  46.    Plaintiff also seeks to represent subclasses composed of and defined as

12  follows:

13  > All Class Members who worked one (1) or more shifts in

14  > excess of five (5) hours.

15  > All Class Members who worked one (1) or more shifts in

16  > excess of six (6) hours.

17  > All Class Members who worked one (1) or more shifts in

18  > excess of ten (10) hours.

19

20  > All Class Members who worked one (1) or more shifts in

21  > excess of twelve (12) hours.

22  > All Class Members who worked one (1) or more shifts in

23  > excess of three (3) hour and one-half hours, but less than

24  > or equal to six (6) hours.

25  > All Class Members who worked one (1) or more shifts in

26  > excess of six (6) hours, but less than or equal to ten (10)

27  > hours.

28

CLASS ACTION COMPLAINT

All Class Members who separated their employment from Defendant.

All Class Members who were deducted wages for meal periods.

47.    Plaintiff reserves the right to amend or modify the Class description with greater specificity or further division into subclasses or limitation to particular issues.

**A.    Numerosity.**

48.    The potential Class Members and subclasses members as defined are so numerous that joinder of all the Class Members is impracticable. While the precise number of Class Members and subclass members has not been determined at this time, Plaintiff is informed and believes that Defendant currently employs, and during the Relevant Time Period has employed, well over one hundred (100) employees, all in the State of California, in positions as hourly non-exempt workers.

49.    Accounting for employee turnover during the relevant periods increases this number substantially. Upon information and belief, Plaintiff alleges Defendant's employment records will provide information as to the number and location of all Class Members. Class Members are therefore far too numerous to be individually joined in this lawsuit.

**B.    Commonality.**

50.    Common questions of law and/or fact exist as to the Class Members and, in addition, common questions of law and/or fact predominate over questions affecting only individual members of the Class.  The common questions include the following:

i.    Whether Defendant violated the Labor Code and/or applicable IWC Wage Orders in failing to pay its non-exempt workers all earned wages at the regular rate for all hours worked;

CLASS ACTION COMPLAINT

ii.   Whether Defendant violated the Labor Code and/or applicable IWC Wage Orders in failing to pay its non-exempt workers all earned wages at the overtime rate for all overtime hours worked;

iii.   Whether Defendant violated the Labor Code and/or applicable IWC Wage Orders in failing to pay its non-exempt workers all earned wages at the double-time rate for hours worked in excess of 12 in a day;

iv.   Whether Defendant failed to provide the Class Members with uninterrupted meal periods of 30 minutes during which they were completely relieved of duty, by the end of the fifth hour of work and again by the end of the tenth hour of work;

v.   Whether Defendant failed to authorize and permit the Class Members with rest breaks of at least 10 minutes by the end of every fourth hour of work or major fraction thereof;

vi.   Whether Class Members who had their employment relationship with Defendant terminated are entitled to penalty wages for Defendant's failure to timely pay all outstanding amounts of compensation owed upon termination of the employment relationship;

vii.   Whether Defendant's policies and practices have resulted in violation of one or more of the Labor Code Provisions cited herein;

viii.   Whether Defendant's policies and practices are unlawful, unfair and/or fraudulent business practices in violation of California Business & Professions Code §§17200, *et seq*.; and

ix.   The monetary relief to which Plaintiff and the Class Members may be entitled as a result of the violations alleged herein.

**C.   Typicality.**

51.   The claims of the named Plaintiff are typical of the claims of the proposed

CLASS ACTION COMPLAINT

class. Defendant's common course of conduct in failing to compensate the Class Members at all for time spent performing discrete tasks they are required and/or suffered and permitted to perform at their regular rates and at the statutorily mandated overtime and/or double time rate; failing to provide them with meal and rest periods in compliance with the applicable Wage Order; and failing to pay them all wages owed upon termination of employment has caused Plaintiff and the proposed Class to sustain the same or similar injuries and damages.

52.    Plaintiff was subjected to the same uniform policies and/or practices complained of herein that affected all such employees. Thus, as Plaintiff was subjected to the same unlawful policies and practices as all hourly non-exempt workers, his claims are typical of the class he seeks to represent.

**D.    Adequacy of Representation.**

53.    Plaintiff is an adequate representative of the proposed classes because he is a member of the Class and subclasses, and his interests do not conflict with the interests of the class members he seeks to represent. Plaintiff has retained competent counsel, experienced in the prosecution of complex class actions, and together Plaintiff and his counsel intend to prosecute this action vigorously for the benefit of the class. The interests of the Class Members will fairly and adequately be protected by Plaintiff and his attorneys.

**E.    Superiority of Class Action.**

54.    The class action is superior to other available means for the fair and efficient adjudication of this dispute. The injury suffered by each member of the Class, while meaningful on an individual basis, is not of such magnitude as to make the prosecution of individual actions against Defendant economically feasible. Furthermore, individualized litigation increases the delay and expense to all parties and the court system presented by the legal and factual issues of the case. In contrast, the class action device presents far fewer management difficulties and

provides the benefits of single adjudication, economy of scale, and comprehensive supervision by a single court, and avoids the problem of inconsistent judgments.

## VI.        CAUSES OF ACTION

### FIRST CAUSE OF ACTION
**Failure to Pay All Straight Time Wages**
**California Labor Code §§ 1182.11, 1182.12, 1194, 1197, and 1197.1**

55.    Plaintiff hereby realleges and incorporates by reference the foregoing paragraphs as though fully set forth herein.

56.    It is fundamental that an employer must pay its employees for all time worked. California Labor Code sections 218 and 218.5 provide a right of action for nonpayment of wages. Labor Code section 223 prohibits the pay of less than a statutory or contractual wage scale. Labor Code sections 1182.12 and 1197 prohibits the payment of less than the minimum wage. Labor Code section 1194 states that an employee receiving less than the legal minimum wage is entitled to recover in a civil action the unpaid balance of the full amount of this minimum wage. Labor Code section 224 only permits deductions from wages when the employer is required or empowered to do so by state or federal law or when the deduction is expressly authorized in writing by the employee for specified purposes that do not have the effect of reducing the agreed upon wage.

57.    Plaintiff and those similarly situated Class members were employed and performed services for Defendant at all relevant times. Defendant was required to compensate Plaintiff for all hours worked and were prohibited from making deductions that had the effect of reducing the agreed upon wage.

58.    Throughout the Relevant Time Period, Defendant has maintained policies and procedures which create a working environment where its non-exempt, hourly employees are routinely compensated at a rate that is less than the statutory minimum wage. As described above, Plaintiff and Class Members frequently work time off-the-clock during time spent in security check lines, which is time worked

CLASS ACTION COMPLAINT

1  that is uncompensated.

2  59.    Additionally, workers are not free of control and duty for the entire time

3  they are clocked out for lunch. Necessarily, workers exiting the facility will have to

4  go through security and wait in line to clock in upon their return. Thus, part of the

5  time they are clocked out is time they are under the compensable control of

6  Defendant.

7  60.    Pursuant to Labor Code §218.6 or Civil Code §3287(a), Plaintiff and other

8  Class Members are entitled to recover pre-judgment interest on wages earned, but

9  not paid every pay period.

10  61.    As a direct and proximate result of the unlawful acts and/or omissions of

11  Defendant, Plaintiff and Class Members have been deprived of minimum wages

12  and wages at the regular rate in amounts to be determined at trial, and are entitled

13  to a recovery of such amount, plus liquidated damages, plus interest thereon,

14  attorneys' fees, costs of suit pursuant to Labor Code §§ 218.5 1194, 1194.2 and

15  1197.1.

16  62.    Wherefore, Plaintiff and the Class he seeks to represent request relief as

17  described below.

18  **<u>SECOND CAUSE OF ACTION</u>**
**Failure to Pay All Overtime Wages**
19  **California Labor Code §§ 510, 515.5, 1194, and 1198 *et seq*.**

20  63.    Plaintiff hereby realleges and incorporates by reference the foregoing

21  paragraphs as though fully set forth herein.

22  64.    California Labor Code §§ 510 and 1198, and IWC Wage Order No. 7, §3,

23  provides that employees in California shall not be employed more than eight (8)

24  hours in any workday or forty (40) hours in any workweek unless they receive

25  additional compensation beyond their regular wages in amounts specified by law.

26  65.    Defendant requires and/or suffers and permits Plaintiff and other members

27  of the Class to work hours in excess of 8 in a day and 12 in a day.

28

CLASS ACTION COMPLAINT

66.     Defendant has failed to pay Plaintiff, and other Class Members, overtime compensation for the hours they worked in excess of the maximum hours permissible by law under California Labor Code §§ 510 and 1198, and IWC Wage Order No. 7, §3.

67.     Defendant has a continuous and consistent policy of mandating workers to wait in lines ad go through security checks before employees are clocked in for the day and after clocking out for meal breaks, but while under the compensable control of Defendant. Plaintiff and Class and subclass members frequently work over eight daily/forty weekly hours and twelve hours daily and, therefore, this compensable time is owed at the overtime and/or double time rates of Plaintiff and Class Members.

68.     Defendant's failure to pay additional, premium rate compensation to Plaintiff and the Class Members for their overtime and double time hours worked has caused Plaintiff and Class Members and continues to cause many Class Members to suffer damages in amounts which are presently unknown to them, but which exceed the jurisdictional threshold of this Court and which will be ascertained according to proof at trial.

69.     Pursuant to Labor Code §218.6 or Civil Code §3287(a), Plaintiff and other Class Members are entitled to recover pre-judgment interest on wages earned, but not paid every pay period.

70.     As a direct and proximate result of the unlawful acts and/or omissions of Defendant, Plaintiff and the Class Members have been deprived of overtime and double time compensation in an amount to be determined at trial.  Plaintiff and the Class Members request recovery of overtime and double time compensation according to proof, interest, attorney's fees and costs of suit pursuant to California Labor Code §§ 218.5, 1194(a), 554, 1194.3 and 1197.1, as well as the assessment of any statutory penalties against Defendants, in a sum as provided by the California

1 Labor Code and/or other statutes.

2     71.    Wherefore, Plaintiff and the Class he seeks to represent request relief as

3 described below.

**THIRD CAUSE OF ACTION**

4 **Failure to Provide Meal Periods, or Compensation in Lieu Thereof**

5 **California Labor Code §§ 226.7, 512, and Cal. Code Regs., tit. 8, § 11090 ¶ 11**

6     72.    Plaintiff hereby realleges and incorporates by reference the foregoing

7 paragraphs as though fully set forth herein.

8     73.    California Labor Code §§ 226.7 and 512, and Title 8 of the California

9 Code of Regulations § 11050, ¶ 11 require Defendant to provide meal periods to

10 Plaintiffs and Class Members. California Labor Code §§ 226.7 and 512, and Title

11 8 of the California Code of Regulations § 11050, § 11 prohibit employers from

12 employing an employee for more than five hours without a meal period no less than

13 thirty (30) minutes and for more than ten (10) hours without a second meal period.

14 Unless the employee is relieved of all duty during the thirty (30) minute meal

15 period, the employee is considered "on-duty" and the meal or rest period is counted

16 as time worked.

17     74.    Defendant does not provide the Class Members with meal periods during

18 which they are completely relieved of duty for at least thirty (30) minutes by the

19 fifth hour of work and again by the tenth hour of work.

20     75.    As discussed above at paragraphs 22-29, throughout the Relevant Time

21 Period, Defendant maintained security policies and practices, whereby Plaintiff and

22 the other Class Members were not provided control-free, off-premises meal periods

23 and/or were incentivized to forego control-free, off-premises meal periods.

24     76.    Additionally, throughout the Relevant Time Period, Defendant did not

25 have a policy of providing a second meal period before the end of the tenth hour to

26 Plaintiff and the other Class Members.

27     77.    Under California Labor Code section 226.7 and Title 8 of the California

28

Code of Regulations §1150, ¶ 11, if the employer does not provide an employee a meal period in accordance with the above requirements, the employer shall pay the employee one (1) hour of pay at the employee's regular rate of compensation for each workday that the meal period is not provided.

78.    Defendant failed to perform its obligations to provide Plaintiff and the Class Members off-duty meal periods by the end of the fifth hour of work and a second meal period by the end of the tenth hour of work.  Defendant also failed to pay Plaintiff and the Class Members one (1) hour of pay for each shift during which an off-duty meal period was not provided.  Defendant's conduct described herein violates California Labor Code §§226.7 and 512 and Title 8 of the California Code of Regulations §11090.  Therefore, Plaintiff and the Class Members are entitled to compensation for Defendant's failure to provide meal periods, plus interest, expenses, and costs of suit pursuant to California Labor Code §§226.7(b) and Title 8 of the California Code of Regulations §11090.

79.    Wherefore, Plaintiff and the Class he seeks to represent request relief as described below.

### FOURTH CAUSE OF ACTION
**Failure to Authorize and Permit Rest Periods**
**California Labor Code § 226.7 and Cal. Code Regs. Title 8 § 11090 ¶ 12**

80.    Plaintiff hereby realleges and incorporates by reference the foregoing paragraphs as though fully set forth herein.

81.    California Labor Code §226.7 and Title 8 of the California Code of Regulations § 11050, ¶ 12 requires Defendant to authorize and permit rest periods to Plaintiff and the Class Members at the rate of ten minutes net rest time per four hours or major fraction thereof.

82.    Defendant regularly fails to make rest periods available to Plaintiff and the Class Members. Plaintiff's and Class members' schedules regularly prevent them from taking rest periods throughout the day. When available, if ever, they are

CLASS ACTION COMPLAINT

often not compliant. Instead, they are generally untimely, interrupted, on-duty or short.

83.    As discussed at paragraphs 30-35 above, throughout the Relevant Time Period, Defendant's business model was such that its non-exempt, hourly warehouse workers were assigned too much work with insufficient help due to chronic understaffing whereby they were able to take rest periods and were forced to work through their rest periods. Additionally, Defendant maintained security policies and practices, whereby Plaintiff and its other non-exempt, hourly warehouse workers were not provided control-free, off-premises rest periods and/or were incentivized to forego control-free, off-premises rest periods.

84.    Under California Labor Code section 226.7 and Title 8 of the California Code of Regulations §1150, ¶ 12, if the employer does not provide an employee a rest period in accordance with the above requirements, the employer shall pay the employee one (1) hour of pay at the employee's regular rate of compensation for each workday that the rest period is not provided.

85.    Throughout the Relevant Time Period, Defendant has failed to perform its obligations to authorize and permit Plaintiff and the Class Members to take rest periods as set forth above.  Defendants also failed to pay Plaintiff and the Class Members one (1) hour of pay for each shift where a rest period was denied. Defendant's conduct described herein violates California Labor Code §§ 226.7 and Title 8 of the California Code of Regulations §11050.  Therefore, Plaintiff and the Class Members are entitled to compensation for Defendant's failure to authorize and permit rest periods, plus interest, and costs of suit pursuant to California Labor Code §§ 226.7(b), and Title 8 of the California Code of Regulations § 11050.

86.    Wherefore, Plaintiff and the Class he seeks to represent request relief as described below.

/ / /
/ / /

CLASS ACTION COMPLAINT

## SIXTH CAUSE OF ACTION
### Failure to Pay All Wages Due at the Time of Termination from Employment
### California Labor Code §§ 201-203

87. Plaintiff hereby realleges and incorporates by reference the foregoing paragraphs as though fully set forth herein.

88. California Labor Code §201 requires an employer who discharges an employee to pay all compensation due and owing to said employee immediately upon discharge. California Labor Code §202 requires an employer to promptly pay compensation due and owing to said employee within seventy-two (72) hours of that employee's termination of employment by resignation. California Labor Code §203 provides that if an employer willfully fails to pay compensation promptly upon discharge or resignation, as required under California Labor Code §§201-202, then the employer is liable for waiting time penalties in the form of continued compensation for up to thirty (30) workdays.

89. Plaintiff and other formerly employed Class Members have left their employment with Defendant during the Relevant Time Period.

90. Defendant willfully failed and refused, and continues to willfully fail and refuse, to timely pay all straight time wages, overtime wages, meal period premiums, and/or rest period premiums owed to Plaintiff and other formerly employed Class Members whose employment with Defendant has ended or been terminated at any point during the Relevant Time Period.

91. As a result, Defendant is liable to Plaintiff and other formerly employed Class Members for waiting time penalties, together with interest thereon, attorneys' fees, and costs of suit, under California Labor Code §203.

92. Accordingly, Plaintiff, on behalf of himself and other formerly employed Class Members, request waiting time penalties pursuant to California Labor Code §203, plus attorneys' fees and costs, as described below.

93. Wherefore, Plaintiff and the Class he seeks to represent request relief as

CLASS ACTION COMPLAINT

described below.

## SEVENTH CAUSE OF ACTION
### Violation of Unfair Competition Law
### California Bus. & Prof. Code, § 17200, *et seq*.

94.    Plaintiff hereby realleges and incorporates by reference the foregoing paragraphs as though fully set forth herein.

95.    California Business and Professions Code §17200 defines unfair competition to include, "unlawful, unfair or fraudulent business practices."

96.    Plaintiff and all proposed Class Members are "persons" within the meaning of Business and Professions Code §17204, who have suffered injury in fact and have lost money or property as a result of Defendant's unfair competition.

97.    Defendant has been committing, and continues to commit, acts of unfair competition by engaging in the unlawful, unfair and fraudulent business practices and acts described in this Complaint, including, but not limited to failing to pay all straight time and overtime wages earned and failing to provide compliant meal and/or rest breaks and/or compensation in lieu thereof.

98.    As a result of its unlawful, unfair, and/or fraudulent business acts and practices, Defendant has reaped and continues to reap unfair benefits and illegal profits at the expense of Plaintiff and proposed Class Members.  Defendant's unlawful, unfair, and/or fraudulent conduct has also enabled Defendant to gain an unfair competitive advantage over law-abiding employers and competitors.

99.    Business and Professions Code §17203 provides that the Court may restore to an aggrieved party any money or property acquired by means of the unlawful, unfair, and/or fraudulent business acts or practices.

100.   Pursuant to Civil Code §3287(a), Plaintiff and the other members of the Class are entitled to recover pre-judgment interest on wages earned, but not paid.

101.   As a direct and proximate result of the unfair business practices of Defendant, and each of them, Plaintiff, as an individual and on behalf of all workers

similarly situated, are entitled to equitable relief, including full restitution and/or disgorgement of all wages and premium pay which have been unlawfully withheld from Plaintiff and the Class Members as a result of the business acts and practices described herein.

102.   Plaintiff seeks restitution to himself, and all others similarly situated of these amounts, including all earned and unpaid wages and attorneys' fees and costs pursuant to Cal. Code Civ. Proc. §1021.5.

103.   Wherefore, Plaintiff and the Class he seeks to represent request relief as described below.

### VII.        PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment as follows:

a)   That the Court determine that this action may be maintained as a class action under Rules 23(a) and (b)(2) and/or (b)(3);

b)   For an order appointing Plaintiff as representative of the Class;

c)   For an order appointing Plaintiff's attorneys as Class Counsel;

d)   That the Court find that Defendant has been in violation of applicable provisions of the California Labor Code and IWC Wage Order No. 7 by failing to pay each member of the proposed Class for all hours worked, and failing to pay them their statutorily mandated overtime and double time wages despite requiring and/or suffering and permitting them to work in excess of 8 hours per day/40 hours per week and/or 12 hours per day;

e)   That the Court find that Defendant has been in violation of California Labor Code §§226.7 and 512 by failing to provide Plaintiff and the Class Members with meal periods and therefore owe compensation under California Labor Code §226.7(b) with respect to violations of California Code of Regulations, Title 8 §11050, ¶ 11;

CLASS ACTION COMPLAINT

f) That the Court find that Defendant has been in violation of California Labor Code §226.7 by failing to authorize and permit rest periods for Plaintiff and the Class Members, and therefore owe compensation under California Labor Code §226.7(b) with respect to violations of California Code of Regulations, Title 8 §11040, ¶ 12;

g) That the Court find that Defendant has been in violation of California Labor Code §§201 and 202 and therefore owe waiting time penalties under California Labor Code §203 for willful failure to pay all compensation owed at the time of termination of employment to Plaintiff and other formerly employed members of the Class;

h) That the Court find that Defendant has committed unfair and unlawful business practices, in violation of California Business and Professions Code §17200, *et seq.*, by their violations of the Labor Code and Wage Order as described above;

i) That the Court award to Plaintiff and the proposed Class members compensation and restitution for all wages owed;

j) That the Court award to Plaintiff and the proposed Class Members statutory penalties as provided herein, including but not limited to Labor Code § 203;

k) For pre- and post-judgment interest;

l) That Plaintiff and the Class be awarded reasonable attorneys' fees and costs pursuant to Labor Code §§ 203, 218.5, 225.5, 226, Code of Civil Procedure § 1021.5, and/or other applicable law; and

m) For such other and further relief as this Court deems just and proper.

/ / /
/ / /
/ / /
///

CLASS ACTION COMPLAINT

Dated: January 27, 2023                    **BRADLEY/GROMBACHER LLP**


                                            */s/ Marcus J. Bradley*
                                            Marcus J. Bradley, Esq.

                                            Attorneys for NANG CHAN, on behalf of
                                            himself, all others similarly situated

## DEMAND FOR JURY TRIAL

Plaintiff demands a jury trial on all issues so triable as a matter of right.

Dated: January 27, 2023                    **BRADLEY/GROMBACHER LLP**


                                            */s/ Marcus J. Bradley*
                                            Marcus J. Bradley, Esq.

                                            Attorneys for NANG CHAN, on behalf of
                                            himself, all others similarly situated.

CLASS ACTION COMPLAINT