JS-6

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| NANG CHAN, on behalf of himself, all others similarly situated, and on behalf of the general public,<br><br>Plaintiffs,<br><br>v.<br><br>ULTA INC., a Delaware corporation,<br><br>Defendant. | Case No. 2:23-cv-00650-AB-PLA<br><br>**CLASS ACTION**<br><br>**[AMENDED PROPOSED] ORDER**<br><br>**(1) GRANTING FINAL APPROVAL OF CLASS ACTION SETTLEMENT; AND**<br><br>**(2) ENTERING FINAL JUDGMENT** |

On November 15, 2024, a hearing was held on the motion of Plaintiff Nang Chan ("Plaintiff") for final approval of the class settlement (the "Settlement") with Defendant Ulta Inc., ("Defendant" or "Ulta") (collectively "Parties") and payments to the Class, the Plaintiff, Class Counsel, and the Settlement Administrator.

The Parties have submitted their Settlement, which this Court preliminarily approved by its May 29, 2024 Order (Docket No. 33) (the "Preliminary Approval Order"). In accordance with the Preliminary Approval Order, Class Members have been given notice of the terms of the Settlement and the opportunity to comment on or object to it or to exclude themselves from its provisions.

Having received and considered the Settlement, the supporting papers filed by the Parties, and the evidence and argument received by the Court before entering the

Preliminary Approval Order and at the final approval hearing, the Court grants final approval of the Settlement, enters this Order and Judgment, and HEREBY ORDERS and MAKES DETERMINATIONS as follows:

1. Except as otherwise specified herein, the Court for purposes of this Final Approval Order adopts all defined terms set forth in the Class Action Settlement Agreement ("Agreement").

2. The Court has jurisdiction over this Action and the Settlement pursuant to 28 U.S.C. sections 1132(a) and 1332(d). The Court finds that the CAFA Notice has been served as required by the Class Action Fairness Act, 28 U.S.C. § 1711 et seq. ("CAFA").

3. In the Preliminary Approval Order, this Court certified the Class for settlement purposes only. For settlement purposes only, the Court confirms the certification of the Class which is defined as: All of Defendant's non-exempt current and former employees working or who worked in the State of California in Defendant's distribution center(s) from January 27, 2019 through and including May 29, 2024, which is the date the Court granted preliminary approval of the Settlement Agreement. The time period applicable to Class Members' release of claims under the Settlement Agreement is January 27, 2019 through the date of this Order granting Final Approval of the Settlement Agreement (the "Settlement Period").

4. Pursuant to the Preliminary Approval Order, the Notice of Pendency of Class Action Settlement and Hearing Date for Court Approval ("Class Notice") was sent to each class member by first-class mail. The Class Notice informed Class Members of the terms of the Settlement, their right to receive a Settlement Share, their right to comment on or object to the Settlement and/or the attorneys' fees and costs, their right to elect not to participate in the Settlement and pursue their own remedies, and their right to appear in person or by counsel at the final approval hearing and be

heard regarding approval of the Settlement. Adequate periods of time were provided by each of these procedures.

5. The Court finds and determines that this notice procedure afforded adequate protections to Class Members and provides the basis for the Court to make an informed decision regarding approval of the settlement based on the responses of Class Members. The Court finds and determines that the Class Notice provided in this case was the best notice practicable, which satisfied the requirements of law and due process.

6. No Class Members filed written objections to the proposed settlement as part of this notice process.

7. For the reasons stated in the Preliminary Approval Order, the Court finds and determines that the terms of the Settlement are fair, reasonable and adequate to the Class and to each Class Member and that the Settlement Class Members will be bound by the Settlement, that the Settlement is ordered finally approved, and that all terms and provisions of the Settlement should be and hereby are ordered to be consummated.

8. The Court finds and determines that the all-inclusive Gross Settlement Fund in the maximum amount of Three Hundred Thousand Dollars ($300,000.00) and the Individual Settlement Payments to be paid to the Settlement Class Members as provided for by the Settlement are fair and reasonable. The Court hereby grants final approval to and orders the payment of those amounts be distributed to the Settlement Class Members out of the Net Settlement Fund in accordance with the Agreement. Pursuant to the terms of the Agreement, the Settlement Administrator is directed to make the payments to each Settlement Class Member in accordance with the Agreement.

9. The Court finds and determines that the fees and expenses of Simpluris, Inc. in administrating the settlement, in the amount of $16,000.00, are fair and reasonable. The Court hereby grants final approval to and orders that the payment of that amount be paid out of the Gross Settlement Fund in accordance with the Agreement.

10. The Court approves the PAGA Payment of $15,000, which shall be allocated $11,250.00 to the LWDA (the "LWDA Payment") as the LWDA's share of the settlement of civil penalties paid under this Agreement pursuant to the PAGA, and $3,750.00 to the Net Settlement Fund for distribution to the Settlement Class Members.

11. The Court finds and determines that the request by Plaintiffs and Class Counsel to the Class Representative Enhancement Payments and the attorneys' fees and costs pursuant to the Agreement are fair and reasonable. The Court hereby grants final approval to and orders that the payment of the amount of $5,000 to Plaintiff Nang Chang for his Class Representative Enhancement Payment, $100,000.00 (33.3% of the GSA) for attorneys' fees to Class Counsel, and $11,481.85 for reimbursement of costs be paid out of the Gross Settlement Fund in accordance with the Settlement.

12. Upon the Effective Date, the Defendant and the other Released Parties shall be released by the Participating Class Members of and from all Released Class Claims that arose, accrued, and/or have been asserted during the Settlement Period. "Released Class Claims" are any and all allegations, claims, debts, rights, demands, charges, complaints, actions, causes of action, guarantees, costs, expenses, attorneys' fees, economic damages, non-economic damages, restitution, civil penalties, statutory penalties, liquidated damages, punitive damages, interest, obligations, liabilities, or other monies and remedies, of any and every kind, contingent or accrued, that have been or reasonably could have been alleged or asserted in the FAC and/or any of the other pleadings filed in the Action based on the factual and/or legal violations allegations contained therein, including, without limitation, claims for any type of unpaid wages, any type of meal or rest break violations, any type of wage statement violations, any type of inadequate ventilation claims, any type of wage payment frequency violations, any waiting time penalties claims, any type of derivative UCL and PAGA claims based on the foregoing, and parallel claims that may be brought under the Fair Labor Standards Act based on the foregoing, and in any notice Plaintiff submitted to the

LWDA pursuant to PAGA based on the factual and/or legal violations allegations contained therein, including, without limitation, any alleged violations of California Labor Code §§ 201-203, 204, 212, 218, 218.5, 222, 223, 224, 226, 226.7, 510, 512, 558, 1174, 1174.5, 1194, 1194.2, 1194.3, 1194.5, 1195, 1195.5, 1197, 1197.1, 1198, 1199, and/or civil penalties pursuant to PAGA, based in whole or in part on any direct or imputed violation of any federal, state, local or administrative constitution, charter, law, rule, regulation or ordinance. In addition, upon the occurrence of the Effective Date, Plaintiff, the LWDA, and the Aggrieved Employees shall be deemed to have released the Released Parties of and from all claims for any civil penalties recoverable under the California Labor Code, including PAGA, arising out of or related to the Released Claims, as well as costs and attorneys' fees related thereto, that arose, accrued, and/or have been asserted during the PAGA Period.

13. Pursuant to the terms of the Agreement, the Plaintiff also for himself alone as an individual, has released the Released Parties of and from any and all claims, debts, liabilities, demands, obligations, guarantees, costs, expenses, attorneys' fees, damages, actions or causes of action of every kind or nature, contingent or accrued, known or unknown, which do or may exist as of the date on which this Settlement Agreement is executed and through and including the date of Final Approval of this Settlement Agreement, including without limitation any claimed violations of California Labor Code §§ 201-203, 204, 212, 218, 218.5, 222, 223, 224, 226, 226.7, 510, 512, 558, 1174, 1174.5, 1194, 1194.2, 1194.3, 1194.5, 1195, 1195.5, 1197, 1197.1, 1198, 1199, 2699, and 2699.3. In connection therewith, Plaintiff has waived the provisions of Cal. Civ. Code § 1542.

14. Plaintiff, Participating Class Members, the LWDA, and Aggrieved Employees shall be and hereby are enjoined from filing, initiating, or continuing to prosecute any actions, claims, complaints, or proceedings in court, arbitration, with the California Division of Labor Standards Enforcement ("DLSE"), with the LWDA, or

with any other entity, with respect to any and all claims released by the Settlement Agreement, and they shall not bring or participate in any actions, lawsuits, proceedings, complaints, or charges brought individually, by the DLSE, the LWDA, or by any other agency, persons or entity in any court, arbitration or before any administrative body with respect to any such claims, nor shall any of them contest or interfere with efforts by Defendant or by any other Released Parties to oppose any attempt to bring such claims against any of them.

15. Nothing in this order shall preclude any action to enforce the Parties' obligations under the Settlement or under this order, including the requirement that Defendant make payment in accordance with the Agreement.

16. If, for any reason, the Effective Date (as defined by the Settlement) does not occur, this Order will be vacated; the Parties will return to their respective positions in this action as those positions existed before the Parties executed the Agreement; and nothing stated in the Agreement or any other papers filed with this Court in connection with the Settlement will be deemed an admission of any kind by any of the Parties or used as evidence against, or over the objection of, any of the Parties for any purpose in this action or in any other action.

17. The Parties entered into the Settlement solely for the purpose of compromising and settling disputed claims. Defendant in no way admits any violation of law or any liability whatsoever to Plaintiffs and/or the Class, individually or collectively, all such liability being expressly denied by Defendant.

18. Without affecting the finality of this Final Approval Order in any way, the Court retains jurisdiction of all matters relating to the interpretation, administration, implementation, effectuation and enforcement of this Order and the Settlement.

19. Each side will bear its own costs and attorneys' fees except as provided by the Agreement and this Order.

20. By means of this Order, this Court hereby enters final judgment in this action, as defined in Rule 58(a)(1), Federal Rules of Civil Procedure.

21. The Parties are hereby ordered to comply with the terms of the Agreement.

22. This action is dismissed with prejudice.

**IT IS SO ORDERED.**

Dated: November 19, 2024

_____
HONORABLE ANDRÉ BIROTTE JR.
UNITED STATES DISTRICT COURT JUDGE